IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Elbert Lee Epps, # 310941, ) | |
| ) | |
| ) | Civil Action No. 6:14-3569-MGL-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Joseph McFadden, Cpt. Clark, ) and Inmate Gregory Jackson, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

The plaintiff is an inmate at Lee Correctional Institution of the South Carolina Department of Corrections. The "STATEMENT OF CLAIM" portion of the complaint reveals that the plaintiff's civil rights action arises out of an attack upon the plaintiff by another inmate and the plaintiff's subsequent placement in "lock-up" for ten of eleven days:

> [T]hey put my life in life or die because I told the Warden McFadden and the cpt Clark do not put me back in the dorm they did I got stab 2 time on my head and my ear 1 time and they keep me on lockup about 10 or 11 days I did not have on lockup time $150,000

(doc. 1-2 at 1).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Inmate Jackson apparently is the inmate who stabbed the plaintiff.  Inmate Jackson is subject to summary dismissal because he has not acted under color of state law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Martin v. Broad River Corr. Inst.*, Civil Action No. 2:13-1510-TMC-BHH, 2013 WL 4776576, at *3 (D.S.C. Sept. 4, 2013) ("a fellow inmate or detainee does not act under color of state law no matter how wrongful his action because the inmate is a private individual, not a state actor, and his conduct is not fairly attributable to the State").

Prison officials are required to protect prisoners from being attacked by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (suffering physical assaults in prison is not "part of the penalty that criminal offenders pay for their offenses against society") and *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position.").

A prisoner, in a claim of deliberate indifference with respect to an inmate attack, must show that the defendants showed a deliberate or callous indifference to a *specific, known*, substantial risk of serious harm to the plaintiff. *See Sarratt v. Daughtery,* C.A. No. 2:06-3422-HFF-RSC, 2007 WL 2406784, at *2 (D.S.C. July 16, 2007) (citing *Farmer*, 511 U.S. at 835), *adopted by* 2007 WL 2406783 (D.S.C. Aug. 20, 2007). A prison official cannot be found liable unless it is shown that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he or she also drew the inference. *Farmer*, 511 U.S. at 835. A negligent failure to protect a prisoner from violence does not violate the Constitution. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (negligence not actionable under Section 1983). The complaint fails to allege necessary facts that might establish a cognizable claim of violation of the plaintiff's constitutionally protected rights in this case, *i.e.*, to show that defendants McFadden or Clarke had a deliberate or callous indifference to a specific known risk of harm, as required by cases such as *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).

The plaintiff's placement in lock-up after the inmate attack actually indicates that South Carolina Department of Corrections officials were taking steps to protect the plaintiff from other inmates. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); and *Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

3

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

September 26, 2014                                s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).