

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ELBERT LEE EPPS,<br>　　　　Plaintiff,<br><br>vs.<br><br>WARDEN JOSEPH MCFADDEN,<br>CPT. CLARK, and<br>INMATE GREGORY JACKSON,<br>　　　　Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 6:14-3569-MGL-KFM<br>§<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 26, 2014, and the Clerk of Court entered Plaintiff's objections on October 6, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is a state prisoner incarcerated at Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). This action arises out an alleged attack by another inmate on Plaintiff. Complaint 3. Plaintiff was subsequently put in "lock-up" for ten or eleven days. *Id*.

The Magistrate Judge suggests that Defendant Jackson, the alleged attacker, be dismissed from the action because he is not a state actor for § 1983 purposes. The Court agrees. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 26 U.S. 40, 50 (1999) (citation omitted) (internal quotation marks omitted). Because Defendant Jackson's alleged attack on Plaintiff was private conduct committed by a private individual, the Court will dismiss Defendant Jackson from the action.

Though not entirely clear from Plaintiff's complaint, it appears that he is arguing that Defendants McFadden and Clarke violated his constitutional rights by being deliberately indifferent in regards to Defendant Jackson's attack on him and in placing him in "lock-up" for ten or eleven days after the attack. Thus, the Court will briefly discuss those two claims.

Despite the fact that prison officials must protect prisoners from being attacked by other prisoners, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), for Plaintiff to establish a deliberate indifference claim against Defendants McFadden and Clarke, he must demonstrate a deliberate or callous indifference to a specific, known, substantial risk of serious harm to Plaintiff, *see* F*armer v. Brennan*, 511 U.S. 825, 835 (1994). But here, Plaintiff's "complaint fails to allege necessary facts that might establish a cognizable claim of violation of the plaintiff's constitutionally protected rights in this case, *i.e.*, to show that [D]efendants McFadden or Clarke had a deliberate or callous

indifference to a specific known risk of harm." Report 3. Thus, any claim that Plaintiff makes that Defendants McFadden and Clarke were deliberately indifferent in regards to Defendant Jackson's alleged attack on him will be dismissed.

As to Plaintiff's statement that he was in "lock-up" for ten or eleven days, Complaint 3, the Court is unable to find a constitutional violation. Plaintiff had no liberty interest in remaining in the general prison population. In fact, administrative segregation is "the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Accordingly, to the extent that Plaintiff means to bring a § 1983 against Defendants McFadden and Clarke in relation to his "lock-up," such claim will also be dismissed.

In Plaintiff's objections, he states that "the wrongful action of SCDC" put his life in harms way and asks the Court to "keep . . . inmate Jackson [in] [his] case." Objections 1. But, specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). In that Plaintiff's general objection to the Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after being warned of the consequences of failing to object, makes de novo review by the district court unnecessary). And, a failure to object waives appellate review. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 7th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.